**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

HECTOR SANCHEZ                                                                                                       PLAINTIFF

v.                                            3:15CV00375-JLH-JJV

CHRIS STAKLEWICKS[1], Nurse,
Mississippi County Detention Center; *et al.*                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

---

[1]According to Defendants' Motions, Plaintiff incorrectly spelled Stankiewicz , Stipanuk and
Whitfield.  The Clerk shall amend the docket to correct these names.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.     INTRODUCTION

Plaintiff, Hector Sanchez, is incarcerated at the Mississippi County Detention Center, and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  He alleges Defendants were deliberately indifferent to his serious medical needs by failing to provide him with his correct prescribed medications and otherwise properly treat his medical issues.  (Doc. No. 4 at 4-7.)

Plaintiff says he first noticed an issue when his medication bottles were only half full although his prescriptions had just been refilled.  (*Id.* at 4.)  Nurse Stankiewicz also informed him that he could only have medication for his blood pressure, thyroid, and dizziness, and that his other medications had to be picked up by his family or would be thrown away.  (*Id.*)  Plaintiff says from that point on, his health began to deteriorate.

Plaintiff also complains that medications are given by the guards and not registered nurses, and his medications "were different from the meds that [he] had been taking."  (*Id.*)  Plaintiff concludes he was given the wrong medication because his "health went from bad to worse."  (*Id.*)

Because of his deteriorating health, Plaintiff went to see Dr. Stipanuk.  Plaintiff says all he did "was put a pen in my face and had me follow it with my eyes" and then placed him in an

isolation cell for two weeks.  (*Id.*)  Plaintiff says he began having vision problems and his feet became swollen and discolored.  (*Id.*)  Defendants Stipanuk and Stankiewicz placed him on a low sodium diet but his feet were still swollen.  (*Id.*)  Plaintiff says he wrote Lieutenant Whitfield several grievances about all of these issues but he failed to respond.  (*Id*. at 6.)

Defendants have moved for summary judgment.  (Doc. Nos. 23-28.[2])  Plaintiff has not responded and the deadline for doing so has passed.

I have carefully considered Plaintiff's Complaint and Defendants' Motions and accompanying evidence.  For the following reasons, I find Defendants' Motions should be GRANTED and Plaintiff's Amended Complaint should be DISMISSED with prejudice.

## II.      SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a

---

[2]Defendant Stipanuk has moved for summary judgment (Doc. No 26) separately from Defendants Stankiewicz, Whitfield, and Murphy (Doc No. 23).

reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

Defendants argue: (1) Plaintiff's official capacity claims fail because he has failed to allege that any policy of Mississippi County violated his rights; (2) they are entitled to qualified immunity; and (3) Plaintiff is unable to prove Defendants were deliberately indifferent to his medical needs. (Doc. Nos. 24, 27.)  Defendant Whitfield also argues that Plaintiff's claim regarding his failure to respond to his grievances is not actionable.  (Doc. No. 24 at 13.)

### A.    Official Capacity Claims

Plaintiff's official capacity claims are essentially claims against Mississippi County.  *See Liebe v. Norton*, 157 F.3d 574, 578 (8th Cir. 1998).  Mississippi County may only be held liable under section 1983 if the alleged deprivation suffered by Plaintiff was the result of some policy or custom implemented by the county.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff's Complaint makes no specific reference to any county policy or custom which violated or contributed to a violation of his rights.  Even if Plaintiff's allegations regarding the dispensing of medication could be considered a policy or custom, for the reasons outlined more fully below, I find no constitutional violation.  Accordingly, Plaintiff's official capacity claims should be dismissed.

B.     Qualified Immunity[3]

Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Qualified immunity is a question of law, not a question of fact.  *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[4]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  *Nelson v. Correctional Medical Services*, 583 F.3d 522,

---

[3]As noted above, Defendants also raise separate arguments that Plaintiff's deliberate indifference claims fail as a matter of law.  Analysis of that argument overlaps with a discussion of qualified immunity, and I elect to evaluate immunity first because "[q]ualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible  stage of the litigation."  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

528 (8th Cir. 2009).

In considering the defense of qualified immunity, I find Defendants' Motions should be granted based on the first prong of the analysis. The facts construed in a light most favorable to Mr. Sanchez simply fail to establish a violation of his constitutional rights.

Defendant Stankiewicz has provided an affidavit in support of her Motion for Summary Judgment. (Doc. No. 25-5.) Nurse Stankiewicz says she initially met with Plaintiff during the intake process. Plaintiff said he had a "history of a subdural hematoma, hypo thyroid and hypertension" so Nurse Stankiewicz noted these issues on the medical intake form. (*Id.* at 2, Doc. No. 25-2 at 3, 5, 6.) She says, "On April 8, 2015, Sanchez began receiving Lisinopril for hypertension, Levothyroxin for hypothyroidism, Meclizine for vertigo & Vitamin D for vitamin deficiency." (Doc. No. 25-5 at 2.)

On May 7, 2015, Mr. Sanchez was seen by Dr. Stipanuk who ordered a "TSH screening to monitor Sanchez's thyroid condition. Dr. Stipanuk continued Sanchez on the medications started on or about April 8, 2015. Dr. Stipanuk reviewed the TSH results on or about May 21, 2015." (*Id.* at 3.)

After his initial evaluations, Mr. Sanchez was seen by medical staff on May 15, May 18, July 29, October 22, and November 19, 2015. (*Id.* at 3-4.) And in 2016, Mr. Sanchez was seen on January 6, January 13, March 3, April 8, April 15, April 29, and April 30. (*Id.* at 4-6.) Plaintiff reported his medical issues on a fairly frequent basis and the medical records reveal Defendants responded to his needs. (Doc. No. 25-2) In one particular example, on November 29, 2015, Dr. Stipanuk even admitted Plaintiff to the hospital for observation. According to Nurse Stankiewicz's affidavit, numerous tests were run but no abnormalities were discovered. (Doc. No. 25-5 at 4.) Her statement is confirmed by the hospital records. (Doc. No. 25-2 at 30-54.)

With regard to Plaintiff's allegations about receiving the wrong medications, Nurse Stankiewicz says only guards who have been specially trained may dispense medications. (Doc. No. 25-5 at 6-7.) She states the jail procedures provide safeguards and precautions to ensure only the correct medications are dispensed. James Murphy has also provided an affidavit and states he has been dispensing medication since 2012. (Doc. No. 25-7.) Defendant Murphy says, "Before I was allowed to dispense medication to detainees at the detention center, I had to read and be familiar with a manual prepared by the detention center medical department that included, among other things, instructions on how to dispense medication." (*Id.* at 2.) Defendants have provided the Medication Procedures Manual as a part of their Motion. (Doc. No. 25-6.) Defendant Murphy also received on-the-job training (Doc. No. 25-7 at 2 ) and says, "Hector Sanchez never told me he thought I was giving him the incorrect medication or questioned me about whether I was giving him the correct medication." (*Id*. at 3.)

Defendants also note on October 22, 2015, and when being discharged from the hospital on November 20, 2015, Plaintiff was ordered a low sodium diet. (Doc. Nos. 25-5 at 3 and 25-2 at 36.) But Plaintiff continued to make some poor health choices when purchasing items from the jail commissary. (Doc. No. 25-4 at 26-7.)

After carefully reviewing the pleadings in this matter, I find Plaintiff fails to state a viable claim of deliberate indifference. Deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference includes intentional interference with prescribed treatment; inadvertent or negligent failure to provide adequate medical care cannot be said to constitute "unnecessary and wanton infliction of pain"). "Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with

7

treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

> The United States Court of Appeals for the Eighth Circuit has explained:
>
> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

Here, there is no dispute that Plaintiff was regularly seen by jail staff and provided treatment as necessary. This treatment included sending Plaintiff to the hospital for tests and observation to ensure his complaints were not serious. And the numerous diagnostic tests confirmed Plaintiff had no serious medical issue.

Plaintiff's claims appear to be largely a difference of opinion about what treatment and medication he should receive. But such a claim does not amount to deliberate indifference. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (holding "mere disagreement with treatment decisions does not rise to the level of a constitutional violation.")

Lastly, Plaintiff's conclusory allegations that he received the wrong medication fail to state a claim of constitutional deliberate indifference. Defendants have shown Plaintiff's allegation is highly unlikely. But even if this occurred, this would – at best – be a claim of negligence. And as previously noted, negligent actions fail to state a constitutional claim of deliberate indifference.

For these reasons, Defendants' Motions should be granted as they are entitled to qualified immunity.  This matter should be dismissed on this basis alone.

### C.      Deliberate Indifference

Defendants argue they are entitled to summary judgment because "Plaintiff cannot provide proof that any of the Mississippi County Defendants were deliberately indifferent to his medical needs." (Doc. No. 24 at 12.)  For the foregoing reasons, I agree.  Accordingly, their Motions should be granted on this basis as well.

### D.      Failure to Respond to Grievances

 Defendant Whitfield correctly argues that failure to respond to a grievance does not state a substantive constitutional claim.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).  Therefore, these claims against Defendant Whitfield should be dismissed.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendants Stankiewicz, Whitfield, and Murphy's Motion for Summary Judgment (Doc No. 23) be GRANTED.

2.      Defendant Stipanuk's Motion for Summary Judgment (Doc. No 26) be GRANTED.

3.      Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED with prejudice.

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 29th day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE